Judith WILHELM, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 3368.

United States District Court
S. D. California, S. D.

Sept. 30, 1966.

Bear, Gelfand, Greer & Bauer, San Diego, Cal., for plaintiff.

Manuel L. Real, U. S. Atty., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM

YOUNGDAHL, District Judge.

This is a civil non-jury case brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The plaintiff claims that because of the defendant's negligence she fell down a flight of stairs on the grounds of the Balboa Naval Hospital, San Diego, California, thereby suffered various physical injuries which have led to both mental and physical pain and suffering. Plaintiff further asserts that she sustained special damages by way of medical and hospital expenses and past and future loss of earnings. Moreover she maintains that, as a proximate result of the defendant's negligence, further surgical procedures will be necessary and that this will entail additional special damages and pain and suffering. Because of all of the foregoing, she seeks to recover damages in this case.

 The first factor which plaintiff must establish is that a fall actually did occur as alleged. Only when this has been established by a fair preponderance of the evidence can the Court begin to consider the issues of negligence and proximate damages. The testimony as to the actual occurrence of the fall is in conflict.

In addition to other evidence in this case, the results of a polygraph test taken by the plaintiff have also been admitted. At the conclusion of the presentation of testimony, plaintiff moved that she be permitted to submit to such a test.

Defendant agreed and the Court granted the motion. The results of the test, admitted by stipulation after the close of testimony, indicate specifically that plaintiff did not fall and generally that she pursued a pattern of deception in other matters relating to this case.

This Court finds that the plaintiff has not proved by a fair preponderance of the evidence that the alleged fall actually did occur. Thus, the plaintiff is not entitled to recover damages against the defendant and defendant is entitled to recover its costs and disbursements herein.

Let this memorandum be considered as findings of fact and conclusions of law.